UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DONQIA JEROME BEAVERS SR.,

        Plaintiff,

v.

SHERRIF-DEPUTY HARRISON et al.,

        Defendants.
_____/

Case No. 1:23-cv-10204

Honorable Thomas L. Ludington
United States District Judge

**OPINION AND ORDER SUMMARILY DISMISSING COMPLAINT IN PART AND DIRECTING SERVICE UPON REMAINING DEFENDANTS**

Plaintiff Donqia Jerome Beavers brings this civil-rights case *pro se* under 42 U.S.C. § 1983. Incarcerated at the Clare County Jail, he alleges he was verbally abused, subject to excessive force, and not given medical care while in custody. To that end, he sues Defendants Harrison, Rehil, Teazer, and Coullison in their official and individual capacities.

Because Plaintiff has been granted leave to proceed without prepaying, his complaint was screened. As explained hereafter, Plaintiff's complaint will be summarily dismissed in part.

I.

Courts must *sua sponte* dismiss an *in forma pauperis* complaint before service upon a defendant if the case is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A; 42 U.S.C. § 1997e(c). A complaint is frivolous if it lacks an arguable basis in law or fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

Although construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), *pro se* civil-rights complaints must provide "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought," FED. R. CIV. P. 8(a)(2), (3). These allegations "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). To that end, Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). So mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

To state a plausible civil-rights claim under 42 U.S.C. § 1983, plaintiffs must allege (1) they were deprived of a right, privilege, or immunity secured by the Federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155–57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). The plaintiff must also demonstrate that the deprivation of rights was intentional. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986) (holding that "lack of due care by prison officials" is insufficient); *Daniels v. Williams*, 474 U.S. 327, 333–36 (1986) (limiting the protection of due process to "deliberate decisions" (collecting cases)).

## II.

### A.

Plaintiff alleges Defendants Teazer and Coullison made some negative comments to him. *See* ECF No. 1 at PageID.5. Specifically, Plaintiff alleges that Teazer "le[ft] him feeling belittled and worthless" by opening a door for him, and that Coullison said "we do what we want we don't

care" while "laughing in his face." *Id.*

But those vagaries are frivolous under § 1983. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555–57; *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998). As are his allegations of verbal threats and harassment. *Ivey v. Wilson*, 832 F.2d 950, 954–55 (6th Cir. 1987) (per curiam); *accord Wingo v. Tenn. Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012) (per curiam) (unpublished); *Montgomery v. Harper*, No. 5:14-CV-P38-R, 2014 WL 4104163, at *2 (W.D. Ky. Aug. 19, 2014). Even verbal threats of sexual assault do not violate an inmate's constitutional rights under § 1983. *Miller v. Wertanen*, 109 F. App'x 64, 65 (6th Cir. 2004) (unpublished) (citing *Ivey*, 832 F.2d at 955). And that threshold is far above Plaintiff's complaint about Teazer hurting his feelings and Coullison's braggadocio. Therefore, Plaintiff fails to state a claim upon which relief may be granted under § 1983 against Teazer and Coullison.

And it is well established that a civil-rights plaintiff must allege the defendant's personal involvement under § 1983 because liability may not be based on a theory of *respondeat superior* or vicarious liability. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691–92 (1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009); *accord Iqbal*, 556 U.S. at 676 ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Thus, neither Teazer nor Coullison may be liable by attributing the conduct of Defendants Harrison or Rehil. Nor would there be a reasonable basis to do so. *See* Matthew N. Preston II, *The Tweet Test: Attributing Presidential Intent to Agency Action*, 10 BELMONT L. REV. 1, 32, 35 (2022) (attributing a person's statement to an agency "only if reasonable to do so").

**B.**

Plaintiff also alleges that Defendants Harrison and Rehil used excessive force against him and denied him medical care. ECF No. 1 at PageID.5. Such allegations state potential, plausible

claims for relief under § 1983. *See Hudson v. McMillian*, 503 U.S. 1, 1 (1992) ("The use of excessive physical force against a prisoner may constitute cruel and unusual punishment even though the inmate does not suffer serious injury."); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) ("[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976))). Consequently, those claims survive screening and are not subject to dismissal now.

### C.

Lastly, Plaintiff may not appeal *in forma pauperis*, because an appeal from this Order would be frivolous and not taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

### III.

Accordingly, Plaintiff's Complaint, ECF No. 1, is **SUMMARILY DISMISSED WITH PREJUDICE** against Defendant Teazer and Defendant Coullison.

Further, it is **ORDERED** that Plaintiff has **ALLEGED** plausible claims for relief under § 1983 against Defendant Harrison and Defendant Rehil concerning the alleged use of excessive force and the denial of medical care.

Further, it is **ORDERED** that the United States Marshal Service is **DIRECTED** to serve a copy of the complaint and this order upon Defendants Harrison and Rehil without prepayment.

Further, it is **ORDERED** that Plaintiff is **DENIED** a certificate of appealability and leave to appeal *in forma pauperis*.

**This is not a final order and does close the above-captioned case**.

Dated: February 8, 2023                    s/Thomas L. Ludington
                                           THOMAS L. LUDINGTON
                                           United States District Judge