UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DONQIA JEROME BEAVERS, SR.,

        Plaintiff,    Case No. 1:23-cv-10204

v.    Honorable Thomas L. Ludington
    United States District Judge
RALPH HARRISON, JR., and KYLE REIHL,

        Honorable Patricia T. Morris
        Defendants.    United States Magistrate Judge
_____/

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, AND DISMISSING CASE WITH PREJUDICE**

On January 9, 2023, Plaintiff Donqia Jerome Beavers, Sr., was detained in the Clare County Jail in Harrison, Michigan, awaiting trial on federal firearm and narcotics offenses. ECF Nos. 1 at PageID.5; 18 at PageID.71. While detained, Plaintiff alleges Officers Ralph Harrison, Jr. and Kyle Reihl were "very unprofessional," "yank[ed]" Plaintiff by his shoulders, tazed Plaintiff, and handcuffed Plaintiff. *Id.* Plaintiff also alleges he was deprived of Home Wav[1] privileges for 72 hours, during which time he could not communicate with his attorney or his wife. *Id.* Accordingly, on January 26, 2023, Plaintiff filed a *pro se* Complaint alleging Defendants Harrison and Reihl deprived his Eighth Amendment rights, in violation of 42 U.S.C. § 1983. *See generally* ECF No. 1. As a result of his alleged "minor" shoulder injury, emotional distress, and feelings of "intimidat[ion], Plaintiff seeks $1,600,000. *Id.* at PageID.5, 7.

---

[1] Home Wav is a platform that allows inmates to message and call family and friends, and allows for the transfer and management of inmate funds. *See About Us*, HOMEWAV, https://www.homewav.com/about/ (last visited July 2, 2024) [https://perma.cc/DSJ4-AS9M]; *see also* ECF No. 18 at PageID.74, n. 2 ("Home Wav is a video visitation kiosk inmates can use to video chat with approved visitors.")

On March 2, 2023, all pretrial matters were referred to Magistrate Judge Patricia T. Morris. ECF No. 6. In October 2023, after discovery, Defendants filed a joint motion for summary judgment. ECF No. 18. Defendants explain that, on the morning of January 9, 2023 Plaintiff requested a form to alert jail staff to medical issues, also known as a "kite." *Id.* at PageID.71. Defendant Harrison "slid the kite" through Plaintiff's cell door and asked him to step outside of the cell to talk. *Id.* at PageID.71–72. When Plaintiff stepped outside his cell, he "became aggressive and started using a threatening tone." *Id.* at PageID.72. Defendant Harrison "ordered Plaintiff to go to the booking area for placement in the holding cell" but Plaintiff did not comply and refused to walk. *Id.* Defendant Harrison accordingly employed an "escort hold" by placing his right hand on Plaintiff's left shoulder and his left hand on Plaintiff's left arm. *Id.* But Plaintiff "jerked free" and walked into Defendant Reihl. *Id.* As the three walked towards the holding cell, Plaintiff "became more aggressive," turned towards Defendants with clenched his fists, and told Defendant Harrison to "try something." *Id.* Defendant Harrison then drew and discharged his TASER and ordered Plaintiff to put his hands behind his back, and Defendant Reihl handcuffed Plaintiff. *Id.* Notably, Defendants filed surveillance footage—from both the hallway outside Plaintiff's cell and the holding cell where Plaintiff was escorted to—which corroborate their explanation of events.

In their joint Motion for Summary Judgment, Defendants argued (1) Plaintiff's claims are barred by the Prison Litigation Reform Act (PLRA) because he failed to exhaust his administrative remedies and avail himself of the jail's grievance process; (2) Plaintiff's claims for mental and emotional damage are barred under 42 U.S.C. § 1997e(e) because he did not suffer a physical injury; (3) Plaintiff's constitutional rights were not violated and, even if they were; (4) both Defendants are entitled to qualified immunity in their individual capacities; and (5) Plaintiff has

not presented any triable issues of fact which would support official capacity liability under *Monell*. *See generally* ECF No. 18 at PageID.77–94.

The same day Defendants filed their joint Motion for Summary Judgment, ECF No. 18, Judge Morris directed Plaintiff to respond by November 7, 2023. ECF No. 23. On November 9, 2023, Plaintiff filed a motion to adjourn his response deadline. ECF No. 29. Judge Morris granted Plaintiff's Motion and adjourned his response deadline to May 7, 2024. ECF No. 32. But Plaintiff never responded.

So, on June 10, 2024, Judge Morris issued a report (R&R) recommending this Court grant Defendants' joint Motion for Summary Judgment and dismiss Plaintiff's claims with prejudice. ECF No. 35. First, Judge Morris concluded that Defendants had not met their burden in showing Plaintiff failed to exhaust his administrative remedies. *Id.* at PageID.212–15 ("Although [Defendants] supply a copy of the Jail's grievance procedures to establish that administrative remedies existed, they cite no evidence regarding whether [Plaintiff] engaged in this process."). Second, Judge Morris concluded that Defendants did not employ excessive force in violation of Plaintiff's Fourteenth Amendment rights by yanking him, tazing him, or handcuffing him. *Id.* at PageID.217–25. Third, Judge Morris concluded that Defendants were not deliberately indifferent to Plaintiff's objectively serious medical needs and did not violate his Eighth and Fourteenth Amendment rights, because Plaintiff did "not clearly explain how officials interfered with his medical needs" and presented "no evidence that he received inadequate healthcare" while confined. *Id.* at PageID.228. Finding no underlying constitutional violations, Judge Morris did not proceed to analyze the alternative issues of qualified immunity and *Monell* municipality liability.

Judge Morris provided the Parties 14 days to object, *id.* at PageID.229–30, but the Parties did not do so. Thus, they have forfeited their right to appeal Judge Morris's findings. *See Berkshire*

*v. Dahl*, 928 F.3d 520, 530–31 (6th Cir. 2019) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). There is no clear error in Judge Morris's thorough R&R.

Accordingly, it is **ORDERED** that Magistrate Judge Patricia T. Morris's Report and Recommendation, ECF No. 35, is **ADOPTED.**

Further, it is **ORDERED** that Defendants Ralph Harrison, Jr. and Kyle Reihl's joint Motion for Summary Judgment, ECF No. 18, is **GRANTED.**

Further, it is **ORDERED** that Plaintiff Donquia Jerome Beavers, Sr.'s Complaint, ECF No. 1, is **DISMISSED WITH PREJUDICE.**

**This is a final order and closes the above-captioned case.**

Dated: July 3, 2024                                    s/Thomas L. Ludington
                                                       THOMAS L. LUDINGTON
                                                       United States District Judge